JOHN KLEIN, Appellant, *v.* LYMAN S. HARDING, Respondent.

(County Court, Oneida County, January, 1899.)

Verdict — Improper interference with the jury by counsel.

> After a jury had returned a conditional verdict which a justice of
> the peace refused to receive, the defendant's attorney proposed to the
> jury that if they would find no cause of action his client would pay
> the plaintiff a sum named by the counsel. The jury then found no
> cause of action.
>
> Held, that the verdict must be set aside and that the proposition of
> the counsel was a wilful contempt of court as constituting an im-
> proper interference with the jury.

THIS is an appeal from a judgment rendered upon the verdict
of a jury in favor of defendant before F. L. Hathaway, a justice of
the peace of the town of Kirkland. After the case was submitted
to the jury and they had retired, they returned into court and
rendered the following verdict: " We find that there is no cause
of action, providing Mr. Harding, the defendant, pay to the plaintiff
$9.50." The justice refused to receive such a verdict and sent the
jury back to their room with the instruction that if the jury had
found that defendant owed plaintiff $9.50, the plaintiff was en-
titled to a judgment. Defendant's counsel (but not the counsel
who appeared on this appeal) then said to the jury that if they
would find for no cause of action, the defendant would pay to the
plaintiff the $9.50. The jury then retired and returned into court
and rendered a verdict of no cause of action. The defendant there-
upon paid $9.50, as agreed by defendant's counsel, to the court in
the presence of plaintiff, and the money was applied by the justice
in payment of costs and in reduction of the amount of costs ad-
judged against plaintiff. From the judgment entered upon that
verdict this appeal is taken.

L. M. Martin, for appellant.

T. S. Jones, for respondent.

County Court, Oneida County, January, 1899.          [Vol. 26.

Dunmore, J.   The only question presented by this appeal is whether a verdict, obtained in the way this verdict was, should be permitted to stand.   The first finding of the jury implied that they found an indebtedness of $9.50 owing to plaintiff, but for some reason they evidently did not want to throw the costs upon defendant, and, therefore, brought in the conditional verdict. The justice very properly refused to receive it, and sent the jury back to their room.   Defendant's counsel (but not the counsel who appears on this appeal) not only violated his duty, but violated the law in proposing to the jury, that if they would find a verdict of no cause of action, defendant would pay plaintiff $9.50.   Such a proposition made in open court is a wilful contempt and should have been punished as such.   Any clandestine interference with a jury by a party or his counsel has always been held to have vitiated a verdict.   Such an improper suggestion as this, although made in open court, is nearly as reprehensible, and may be equally dangerous.   The judgment must be reversed, with costs.

Judgment reversed, with costs.